208-860-People-of-State-of-the-Morning v. Kevin R. Bryant Good morning, Counsel. I apologize for the late start this morning, Ms. Montgomery. I represent Kevin Bryant, the defendant appellant in this case. Mr. Bryant was charged with a plethora of charges stemming out of an incident on April 25, 2008, in which a vehicle was stopped for speeding violation. Prior to trial, Mr. Bryant pled guilty to one of the offenses charged. Several of the counts were nollied, and then the case proceeded to a bench trial on the remaining counts. After the bench trial, the court found that the state had proven that Mr. Bryant did operate a motor vehicle while any amount of controlled substance was in his blood, breath, or urine. It did find that Mr. Bryant had a revoked license at the time. The court directed verdicts as to the remaining counts prior to, obviously, the ultimate conviction. On appeal, Mr. Bryant maintains that the state failed to prove at any time the reason for his driver's license revocation, which was the aggravating factor here for both the aggravated DUI count and the enhanced driving while license revoked count. In order to prove Mr. Bryant guilty of both of these offenses, the state had to prove that at the time Mr. Bryant committed these offenses, he was driving a motor vehicle while his license was revoked due to a prior DUI conviction. That's how they charged it. Now, isn't the information in the PSI, the Pre-Sentence Investigation Council, doesn't that show the prior DUI conviction? The problem with that, Your Honor, is prior to sentencing, the defense counsel told the judge that Mr. Bryant was contesting the accuracy of the PSI. He said that none of the aliases listed in the PSI were aliases he had used, and he also stated that there were several cases in the criminal history that were not his. The court continued the matter for two weeks, allowing the probation department to look into the matter, and when they returned for the sentencing date on September 8th, the defense counsel informed the court that the probation department was able to verify that all the offenses were attributable to Kevin Bryant, except the DUI, which they said was attributable to Nathaniel Hall. Now, that's the only DUI listed in the PSI. All right, but now when the judge made his ruling and placed on the record what convictions he was not going to consider and what alias he wasn't going to consider, Nathaniel Hall wasn't one of them. I guess it was Vanessa Patterson, and I guess he didn't mention, the trial judge didn't mention the DUI conviction, and counsel didn't say, well, the DUI conviction judge should be added to your list of convictions that you're not considering. So how do you account for that? I mean, that's pretty clear on the record, isn't it? I don't know that it's crystal clear. I think that what happened at this hearing was somewhat unclear. The defense counsel says that's not his conviction. Why defense counsel then didn't follow through with that when the judge made her findings, I don't know. The only explanation I have for that is ineffective assistance of counsel. And the judge, there were significant problems with this PSI. In addition to this Nathaniel Hall DUI conviction that's on there, but we don't really know what to do with it, the probation department also verified that there was four convictions that were attributable to him that even the state agreed could not possibly be his convictions because they were committed at a time when he was in the Department of Corrections. And there was this Vanessa Patterson alias. So this PSI itself was inherently unreliable. Even after the probation department supposedly verified it, we have these inconsistencies that were not resolved other than the parties saying we agree these can't be his. You know, the probation department verified that Vanessa Patterson alias, and that just doesn't make sense. But by the time we get to the PSI, he had already been convicted of driving while licensed, correct? In this matter? Yes. The problem here is also that this wasn't something that had to be proved at the sentencing. It had to be proved at the trial. These were elements of the offense in this case. So what's in the PSI is not important because these needed to be proved at the trial, not at the sentencing. So let's talk about what was proved at the trial. Can't we make a reasonable inference at the trial that based upon the abstract that he was indeed driving on a revoked license as a result of the time of the conviction? No, the driver's abstract simply states revocation in effect on 4-25-2008. It has that sentence alone. This is not a driver's abstract that lists his history, his driving history, like many do. There was no prior convictions on there. Interestingly, the original complaint, the state file that they then withdrew after the superseding indictment was filed, listed three supposed prior DUI convictions for the defendant. Those disappeared. They're not even dates that are included in the PSI. So I, you know, what... So the abstract that the court had at the time is the same abstract we have in the record, which reflects there was a revocation in effect at the time. Did it say as a result of the DUI or as a result of all of those moving violations? No, it had no reason given for the revocation. It simply said there was a revocation in effect. And, you know, the statute requires the state to prove the reason for the revocation. We have separate subsections of the statute that only require the state to prove a prior conviction. That's not what happened here. The state charged him under the subsection that requires a proof of the reason for the revocation. And the state never proved the reason for the revocation at trial. Basically, we're here because the state dropped the ball. This was easy to prove. They could have... If they brought in the driver's abstract that had his record, they could have proven the reason for the revocation. And they didn't. They brought in a one-sentence abstract. But now, is this an element of the offense? Yes. It is? Yes. Okay. It is an element of the offense. You know, the DUI statute has a variety of reasons why it can be elevated from a misdemeanor DUI to a felony DUI. All right. So this was an enhancement, then? This was an enhancement. There is a subsection that requires proof of a prior conviction, you know, proof of prior convictions, which could be proven up at... which would be proven up at sentencing. This, however, is a subsection that requires proof not just of a prior conviction... of a prior conviction. Excuse me. Try to slow down. But proof of a reason for a revocation. It's a completely separate fact than the prior conviction. It needed to be... They needed to prove the reason for the revocation in addition to the misdemeanor offense of a DUI in order to convict him of the felony offense of the DUI and the driving while license revoked. That's how they charged both. And he was charged in a variety of ways. There were 14 counts of the indictment charging a variety of things. They chose to proceed with these counts. And the state didn't prove it. And for those reasons, the defendant asked that his convictions be reduced from a felony to misdemeanors. And this court... And asked that his sentence, therefore, also be reduced from six years in prison to 364 days in the jail. So you're asking us to correct everything as opposed to reversing the mandate or reverse it for resentencing based upon... Because this is an element of the offense. It can't be remanded for the state to get a second crack at trying to prove the elements of the offense. No, I appreciate that. But I'm saying remanding it for... Correct the sentencing. Following... Reducing his conviction to a misdemeanor? Well, I would ask this court to simply correct the sentence on its own because Mr. Bryant has been in prison now since the sentencing date and has served well over the 364 days that is the maximum permitted under the misdemeanor statute. Now, counsel, isn't there some case authority that actually says that proof of a prior DUI conviction is a factor in aggravation that may be established at sentencing, not an element of the offense that must be proven at trial? People v. Robertson, a 2007 case that says, in essence, or holds that a third or subsequent violation of 11-501A is an aggravated DUI and can be proved at sentencing? The defendant in Robertson was charged under a different subsection than Mr. Bryant. He was charged under the subsection that aggravates the misdemeanor DUI simply based on having two priors. Okay, so that doesn't apply in this case. It does not apply in this case. There's no further questions. I'll reserve any remaining time I have for rebuttal. And the defendant asks that this court reduce its convictions to misdemeanors and sentence them accordingly. Thank you. Thank you. Ms. Schwendt. Good morning. Good morning. And may it please the court, counsel. Just briefly, in terms of the charging indictment, this was not an argument that was brought up in the brief on the merits. Purely it was brought up in terms of the issue with the pre-sentence report. So the people are not aware in terms of this new argument that's being brought before the court in terms of the people did not prove at trial that there was a particular – that we did not prove at trial that there was a – the DUI with the revocation. That being said, in terms of the pre-sentence report, this issue was waived at the sentencing hearing. Specifically, the defense was given a two-week date to look into the errors of the pre-sentence report. At the two-week date, they came back, and yes, the counsel did say – Let me interrupt. As I understand it, if you fail to prove an element of the charge, the sentence is void or, in this case, partially void. You either prove it or you don't prove it. If you don't prove it, you cannot – the conviction cannot stand. And when I say the conviction, I'm talking about the felony conviction versus the misdemeanor conviction. Now, isn't it true that – I haven't been on trial at CACA for years, but isn't it true that, number one, you're required to prove a prior DUI and – is that correct? Under the charge that – Under the charge? Your Honor, I'm not particularly as familiar with the specific – I believe it was a factor in aggregation. You proved that at sentencing, the prior DUI for the enhancement. My memory was that it was required to prove – part of it, depending on which section you were going under, but one section required proof of a prior DUI as an element of the offense. If it was a jury trial, you did that. The proof of that was outside the jury, so it's not to prejudice the jury. But it was made a part of the record. If it's not made a part of the trial record, then I think, as a matter of law, you cannot sentence to a felony. And the PSI is immaterial because the PSI comes up after the conviction for the offense. I'm sorry, so I'm not exactly following. So you're saying based on this specific statute that it was charged under? If counsel is right, correct. And our response would be, this was not raised in the brief at all. I understand that, but what Justice Bowman is saying, then you have a void or avoidable minimum sentence. So how can you sentence somebody if the sentence was void or if the charge was never proven, basically? Right, and I understand, Justice Bowman, your comment. At this time, I was not aware that they were going to raise this issue. We can certainly file a supplemental brief and stand to brief on this issue. I apologize. This was not briefed in the brief, and I was unaware that they were going to bring it at trial, excuse me, at the argument today. So I can give you a brief and stand to ignore it fully for our position. Let me ask you this. If your position is that this is an element that needed to be proved at sentencing, why then at the trial did they introduce an abstract? Well, in an abstract, they have to prove that there was a revocation in effect at the time of trial. For the aggregation factors in terms of a prior DUI sentencing, there is, as Justice Zenoth pointed out, there is case law that says that you prove it at sentencing. And the people follow the standard protocol where they prove it at sentencing so it's not prejudicial to the defendant. And in terms of that argument, again, we go back to the we believe that this issue was waived at the sentencing hearing. The defense counsel at the trial level had a two-week date to look at the pre-sentence report. They looked at some errors. Then they specifically made on the record two objections, one to strike a specific alias, the Vanessa Peterson or Patterson, and two to strike four specific offenses that were in prison, that, well, he was apparently incarcerated. At no time did they ever say that there was an alias, that this Nathaniel Hall alias was a not known alias to the defendant, nor did they say that this was not his DUI. The only thing that the trial counsel says at the record is that all cases but this DUI come back to the name Kevin Bryant. The DUI case comes back to the name Nathaniel Hall. Then at that point they don't follow up and say we'd like to strike this case, nor do we like to strike this alias. So therefore we believe it's waived and they accept the rest of the pre-sentence report, accept these four cases and this alias. At no time in the post-sentencing motions do they make a statement that the judge failed to take into consideration his DUI, that... The general rule is that avoidable judgment can be attacked at any time and doesn't have to be raised as part of a trial. Where this gets a little complicated, in a criminal case there are really two aspects. One is the conviction of the offense and the other is the sentencing. You don't have a final judgment until the sentencing. But with respect to the conviction, it seems to me that if you have three elements, one, two, three, and you fail to prove two, you haven't proven the offense. The offense is waived and you can attack it at any time. That's why I don't see why the PSI is relevant or why the fact that they failed to mention it as part of the sentencing hearing or in the post-trial motion has any effect. Right, and I understand that, however, at this time this was not raised in their brief. The people had no idea that they were bringing this, so I can get you a supplemental brief on the issue between the potential void judgment and I apologize. Your position is that this was an offense that the element did not need to be proved at trial but needed to be proved at sentencing. Correct, and based on the proved at sentencing, you can prove a prior DUI at sentencing for the enhancement. As a factor in aggravation. In this case, the people did prove it with a pre-sentence report for the DUI under Nathaniel Hall. And because trial counsel failed to object to anything in terms of that this was not his conviction, that this was not his alias, we believe that they have therefore waived this issue. The people, in terms of the standard of review, believe that it should not be denoued as opposing counsel suggests but as the abuse of discretion. In the brief they cite, People v. Munos, in terms of speaking of instead of the abuse of discretion but the standard of review, this court in 2009 specifically declined to extend that standard of review to cases with abuse of discretion under People v. Dunmore. So, if there are no other questions, we respectfully ask that this court affirm the conviction and sentence and we can file a supplemental brief to address justification on the point of the judgment. Thank you. Ms. Montgomery. Should we let you argue something that you didn't argue in your briefs? I don't know that this wasn't argued in the briefs. The original, the contention in the opening brief was that the state failed to prove at trial the reason for the revocation. Now, there was, the opening brief also focused on the fact that, you know, it also stated that in addition to failing to prove it at trial, the state also failed to even show it at sentencing to cover both bases of there was no, there's no proof in the record that this defendant is guilty of this offense. The reply brief responded to the state's argument which focused on the sentencing issue. I don't believe this issue was waived. It was raised. We've called it a failure of proof issue all along. And ultimately, as Justice Bowman pointed out, this is an issue regarding a failure of proof that the state had to prove at trial. It's a void judgment that can be attacked at any time. And if nothing else, Mr. Bryant was, this was plain error to have Mr. Bryant sentenced as a felon when, in fact, the state only proved he was guilty of misdemeanors. Well, in your opening brief, you do state that at trial the state did introduce the driving aspect to prove that the license, defendant's license was revoked. I think there's only one sentence that just adds the point that the reason for the revocation was not given at trial. And then the remainder of your first point in the brief focuses on the PSI and the sentencing hearing, correct? Well, you don't have it in front of you. I do. It appears to me that that's what the thrust of the real argument is, although there is, there are five lines that address what I just indicated. Be that as it may, Mr. Bryant sits in prison today three years beyond when he, sorry, quick math here, two years beyond when he should have finished his jail term for a misdemeanor offense. This, the judgment was void and can be raised at any time. When the brief was written, in my mind, it was clear that this was a failure-proof at trial and also a failure of, you know, as an additional argument, failure-proof at sentencing. The state failed to prove at any time the reason for the revocation, which was an element of the offense. And for those reasons, if there's no further questions, the defendant asks that this court reduce his conviction to misdemeanors and sentence him accordingly. Thank you very much. And are there any questions for supplementary? Well, I was going to see if you wanted to do that afterwards. All right. We will let you know by written order whether or not the court wishes supplemental briefing on these issues. Thank you both very much for your arguments today. The court stands in recess and will take the matter under advice. Not recess, adjourned for the day. I don't believe there are any other oral-